UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at LONDON**

| | | |
|---|---|---|
| ROUCHELL RICHARD CHESSON, | ) | |
| | ) | |
| Petitioner, | ) | Case No. |
| | ) | 6:21-cv-72-JMH |
| V. | ) | |
| | ) | |
| JOHN GILLEY, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

While confined at the federal prison in Manchester, Kentucky, inmate Rouchell Chesson filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [DE 1]. The Court must screen the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

On April 3, 2013, Chesson was arrested by District of Columbia Police and charged with numerous firearms offenses. Chesson was found guilty following a jury trial. In November 2013, the D.C. Superior Court sentenced Chesson to 32 months imprisonment.[1]

Before those charges were resolved, in May 2013 Chesson was indicted in federal court in Baltimore, Maryland for gang-related firearms and racketeering offenses. After Chesson reached a plea agreement with the government, in December 2014, the trial court

---

[1]   See   https://eaccess.dccourts.gov/eaccess/search.page.4.1?x= gBNYwWddYdrzHymfH4st-
XP23Ud81DpW1PNcbG45lEfwuCfDFGucp8wH9VOwuvpwZkvrGReEeBGxQXkxSidEOw (visited May 12, 2022).

sentenced him to "120 months to run concurrent with the undischarged portion with (*sic*) DC sentence beginning April 3, 2013." Chesson was returned to BOP custody for service of his state and federal sentences. *United States v. Chesson*, No. 1:13-CR-229-GLR-9 (D. Md. 2013) (DE 1, 428, 635 therein).

Almost six years later, in July 2020 Chesson's attorney filed a "Motion for Amended Judgment" complaining that the Bureau of Prisons was calculating Chesson's sentence as beginning on December 12, 2014 (the date it was imposed) instead of April 3, 2013 (the date of his arrest). Invoking Federal Rule of Criminal Procedure 36 as a basis for relief, Chesson requested entry of an amended judgment "stat[ing] unequivocally that the sentence in this case shall begin on April 3, 2013, with no reference to concurrency with any other sentence." Without awaiting a response, two days later the trial court granted the motion and subsequently entered its Amended Judgment "for a total term of 120 months beginning from April 3, 2013." [DE 1004-1006 therein].

In February 2021, Chesson sent a letter to the trial court asserting that the BOP was running his state and federal sentences consecutively to one another, and generally requesting relief. One month later and without notice, the trial court *sua sponte* entered a Second Amended Judgment. This document again changed the wording of the term of imprisonment, this time to "120 months as to Count 1s beginning from April 3, 2013 and concurrent with

2

Superior Court for the District of Columbia Case 2013 CF3 005541." [DE 1033, 1035 therein].

Chesson filed his habeas corpus petition in this Court six weeks later. Through his petition Chesson sought enforcement of the trial court's recently-amended criminal judgment and sought 20 months of jail credits commencing from the date of his arrest on April 3, 2013. [DE 1, at 5, 8].

However, subsequent developments in Chesson's criminal proceedings have rendered his request for habeas relief from this Court moot. Shortly after Chesson filed his § 2241 petition, his counsel filed a "Motion for Corrected Judgment" with the trial court. The motion sought a new judgment imposing a 100-month sentence - amended down from the 120-month sentence stated in the original judgment - to account for the roughly 20 months Chesson spent in custody after his arrest up to the date his sentence was imposed. [DE 1048 therein]. The trial court granted the motion and entered a third amended judgment reducing Chesson's sentence to:

> 100 months as to Count 1s beginning from April 3, 2013 and concurrent with Superior Court for the District of Columbia Case 2013 CF3 005541. That number was arrived by subtracting all the time between arrest, April 3, 2013, and imposition of this Court's sentence, December 12, 2014; that is approximately 20 months. 120-20=100.

[DE 1049, 1051 therein]. That amended judgment was entered on May 18, 2021. The Bureau of Prisons' online Inmate Locator database

3

(https://www.bop.gov/inmateloc/) indicates Chesson was released from custody shortly thereafter on July 1, 2021.

Where an event occurs during the pendency of the case which renders it impossible for the court to grant effective relief, the case should be dismissed as moot. *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (per curiam). In this case, the trial court has already granted Chesson the full measure of relief he sought through his habeas corpus petition. His petition is therefore moot. *Cf. Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir.2002) ("[O]ne such circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim."); *Edwards v. Dewalt*, 681 F.3d 780, 788 (6th Cir. 2012).

Accordingly, it is **ORDERED** as follows:

1. Rouchell Chesson's petition for a writ of habeas corpus [DE 1] is **DENIED** as moot; and

2. This action is **STRICKEN** from the docket.

This 17th day of May, 2022.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

4